of someone? Was it incendiary in its origin, that is, unlawfully started?

"Second. Did the defendants, or either of them, procure others or aid or abet others or conspire with others to set said fire and cause the burning of said merchandise?

"Third. Did the defendants, or either of them, procure others, or aid or abet others, or conspire with others to cause said fire and burn said merchandise with intent to defraud the insurers of said property?"

Finding no prejudicial error, the judgment is affirmed.

*Judgment affirmed.*

GARVER, P. J., and LEMERT, J., concur.

Judges of the Fifth Appellate District sitting by designation in the Eighth Appellate District.

JACOBSON *v.* HAMILTON BROWN SHOE Co.

(Decided January 9, 1933.)

*Mr. Amos P. Foster* and *Mr. Harry Meier, Jr.,* for plaintiff in error.

*Mr. David F. Naylor* and *Mr. Wm. R. Collins,* for defendant in error.

Ross, P. J. This is a proceeding in error from the court of common pleas of Hamilton county, wherein judgment was rendered in favor of the plaintiff, Hamilton Brown Shoe Company, a Missouri corporation.

The sole question presented depends upon the con-

struction to be given a letter written by Samuel Jacobson, present plaintiff in error, to the defendant in error shoe company.

Briefly, the facts pertinent to the question are as follows:

On July 28, 1929, the son of plaintiff in error, doing business as the Norwood Boot Shop, in Norwood, Ohio, gave a collection agency a series of post-dated checks, payable at the rate of $200 per week, in satisfaction of an indebtedness due the defendant in error in the amount of $4,095.04. The earlier checks were dated in August, 1929. Two of them were permitted to go unpaid, and two for $100 each were sent on August 21 and August 28. The collection agency then sent the son of plaintiff in error the following letter:

"September 4, 1929.

"Norwood Boot Shop, Norwood, Ohio.

"Attention: Mr. Jacobson.

"Gentlemen:

"In Re: Hamilton Brown Shoe Co. v. Yourself.

"Your letter of September 3rd has been received, and in which you attach additional check for $100.00. The writer took your letter and had an interview with Mr. Pitts, who has instructed that we forward you the attached guarantee to be signed by your father. We have positive instructions that in case the guarantee is not in our hands by next Monday morning, that the account should be forwarded to local attorneys by wire for immediate suit.

"We have gone to the trouble of coming to Cincinnati in effort to adjust this claim without the necessity of suit, but it is now up to you as to whether or not you meet client's requirements, or allow suit to be filed. The requirements are that you have the guarantee signed by your father, returning to us by Monday morning, and that you pay $100.00 on Monday of each week during the rest of September and $150.00 weekly thereafter until the account is paid in full.

"We are returning check No. 1 of the series the writer procured while in Cincinnati, as you have now sent us a total of $300.00. The entire series of post-dated checks which we now have will be returned to you upon receipt of the additional checks payable $100.00 weekly during September and $150.00 beginning with October. We are sending this letter by Special Delivery in order that you may have Thursday, Friday and Saturday to take care of this matter, and if you will get the guarantee with the series of post-dated checks in the mail Saturday evening they will reach us Monday morning, as required by clients.

"This is our final effort, Mr. Jacobson, to place this account in a condition that will prove satisfactory to our clients, and at the same time make it possible for you to take care of the matter without further expense and embarrassment.

"Yours truly, Wilber Mercantile Agency.
"JR:VLK.

"P. S. Please note that the form of guarantee attached requires acknowledgment before Notary Public, who will understand the filling in of the acknowledgment."

The guaranty inclosed in the letter was never returned, but the collection agency received from the plaintiff in error the following letter which is the basis of the claim of the defendant in error:

"Wilber Mercantile Agency, Paul Brown Bldg., St. Louis, Mo.

"Gentlemen: My son was here today and saw the correspondence that you wrote, and as I see, all that you want is that payments are forthcoming of $100 a week for September and $150 a week later on.

"I will personally mail you a check every Monday as per your request, trusting this will be satisfactory, I am, Yours very truly,

"S. Jacobson, 548 Maple Ave., Avon."

The father failed to make payments as promised,

and this suit was instituted to collect from him the indebtedness of his son, which had been reduced to $2,871.34 by a dividend received from the bankrupt estate of the son.

At the conclusion of the evidence, motions for instructed verdicts having been made by both parties, the court rendered judgment for the defendant in error, holding that the letter of the father was a compliance with the requirements of Section 8621, General Code.

The promise upon which the claim against plaintiff in error is made is: "I will personally mail you a check every Monday as per your request." Where is there any consideration for such a promise? None appears in the record. It is true that the defendant in error, shoe company, through the collection agency, was threatening action, and that the father knew this, as he referred to it in the correspondence. But this is not enough. There was no promise not to sue the son, and a suit could have been commenced the next day after receipt of the letter without any breach of contract on the part of the defendant in error, who was obligated to do nothing.

There being no consideration for the father's promise, credit having already been extended the son, the request of plaintiff in error for an instructed verdict should have been granted.

Such prejudicial error having intervened, the judgment of the court of common pleas is reversed, and, there being no dispute as to the essential facts, judgment may be entered in favor of plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

HAMILTON, J., and SHERICK, J., of the Fifth Appellate District, concur.